1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA J. MILLER, State Bar No. 167223
2  MARIA D. O'LEARY, State Bar No. 209995
   5 Park Plaza, Suite 1750
3  Irvine, CA  92614
   Tel:   949.399.7000
4  Fax:   949.399.7001
   barbara.miller@morganlewis.com
5  moleary@morganlewis.com

6  MORGAN, LEWIS & BOCKIUS LLP
   JASON S. MILLS, State Bar No. 225126
7  300 S. Grand Avenue, Suite 2200
   Los Angeles, CA 90071
8  Tel:   213.612.2500
   Fax:   213.612-2501
9  jmills@morganlewis.com

10 Attorneys for Defendant
   KEY ENERGY SERVICES, LLC

11

12              UNITED STATED DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 PAUL GRILLO, on behalf of himself          Case No._____
   and all others similarly situated,
16                                            **DEFENDANT KEY ENERGY
   Plaintiff,                                 SERVICES, LLC'S NOTICE OF
17                                            REMOVAL OF CIVIL ACTION**
   vs.
18                                            DIVERSITY JURISDICTION
   KEY ENERGY SERVICES, LLC, and
19 DOES 1 through 100, inclusive,             [28 U.S.C. §§ 1332, 1441, 1446 and
                                              1453]
20              Defendants.

21

22

23

24

25

26

27

28

DB2/ 24586147.2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

                    NOTICE OF REMOVAL

CV 14 - 00881 ABC (AGRx)

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF BASIS FOR REMOVAL.................................................1

II.   THE REMOVAL IS TIMELY ...........................................................2

III.  THIS COURT HAS DIVERSITY JURISDICTION ...............................3

    A.    Diversity of Citizenship Exists Among the Parties.............................3

         1.    Plaintiff Is a Citizen of California...................................4

         2.    Defendant is not a Citizen of California ...........................4

         3.    The Citizenship of the "Doe" Defendants Must Be Disregarded ....................................................................5

    B.    The Amount in Controversy Exceeds CAFA's Jurisdictional Minimum of $5 Million..................................................................6

         4.    Information Relevant to Amounts At Issue .......................7

         5.    Plaintiff's Claim for Meal and Rest Period Premiums ...............8

         6.    Plaintiff's Overtime Places at Least $4,500,000 in Controversy .................................................................10

         7.    Plaintiff's Waiting Time Penalty Claim Places at Least $1,766,400 in Controversy.................................................10

         8.    The Total Amount in Controversy Exceeds $6,266,400 ..........11

IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.................................................................................11

V.   CONCLUSION.............................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Armstrong v. Church of Scientology Int'l,*
    2000 U.S. App. LEXIS 28085 (9th Cir. Nov. 8, 2000) ........................................4

*Boon v. Allstate Ins. Co.,*
    229 F. Supp. 2d 1016 (C.D. Cal. 2002) ........................................4

*Caterpillar, Inc. v. Lewis,*
    519 U.S. 61 (1996)........................................6

*Ferrell v. Express Check Advance of SC LLC,*
    591 F.3d 698 (4th Cir. 2010) ........................................5

*Hertz Corp. v. Friend,*
    559 U.S. 77 (2010)........................................4, 5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,*
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................6

*Korn v. Polo Ralph Lauren Corp.,*
    536 F. Supp. 2d 1199 (E.D. Cal 2008) ........................................6, 7, 8

*Meritcare, Inc. v. St. Paul Mercury Ins. Co.,*
    166 F.3d 214 (3d Cir. 1999)........................................6

*Muniz v. Pilot Travel Centers LLC,*
    2007 WL 1302504 (E.D. Cal. May 1, 2007) ........................................9

*Murphy v. Kenneth Cole Productions,*
    40 Cal. 4th 1094 (2007) ........................................9

*Pullman v. Jenkins,*
    305 U.S. 534 (1939)........................................6

*Soliman v. Philip Morris, Inc.,*
    311 F.3d 966 (9th Cir. 2002) ........................................5

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.
    Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.,*
    602 F.3d 1087 (9th Cir. 2010) ........................................3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

**NOTICE OF REMOVAL**

**STATUTES**

28 U.S.C. § 1332 ............................................................. 2, 3, 4, 5, 12

28 U.S.C. § 1441 ............................................................. 3, 5, 11, 12

28 U.S.C. § 1446 ............................................................. 1, 2, 11

28 U.S.C. § 1453 ............................................................. 3, 11, 12

Cal. Bus. & Prof. Code § 17200 ............................................2

Cal. Civ. Code § 382 .............................................................2

Cal. Lab. Code § 201 ..........................................................2, 10

Cal. Lab. Code § 203 ..........................................................2, 10

Cal. Lab. Code § 204 ............................................................2

Cal. Lab. Code § 223 ............................................................2

Cal. Lab. Code § 226 ............................................................2

Cal. Lab. Code § 510 ............................................................2

Cal. Lab. Code § 512 ............................................................2

Cal. Lab. Code § 1198 ..........................................................2

Cal. Lab. Code § 2802 ..........................................................2

Class Action Fairness Act of 2005 ("CAFA")........................ 1, 3, 5, 6, 7

**OTHER AUTHORITIES**

Senate Judiciary Report, S. REP. No. 109-14..............................6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2

-iii-

**NOTICE OF REMOVAL**

1   **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2   **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS**

3   **ATTORNEYS OF RECORD:**

4          **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and

5   1446, Defendant Key Energy Services, LLC ("Defendant") hereby removes the

6   above-entitled action from the Superior Court of the State of California for the

7   County of Santa Barbara to the United States District Court for the Central District

8   of California.  This Court has jurisdiction over this action pursuant to the Class

9   Action Fairness Act of 2005 ("CAFA").  Removal is based on the following

10  grounds:

11  **I.**    <u>**SUMMARY OF BASIS FOR REMOVAL**</u>

12         1.    This lawsuit is a civil action within the meaning of the Acts of

13  Congress relating to removal of causes.  *See* 28 U.S.C. §§ 1446, 1453.

14         2.    On November 22, 2013, Plaintiff Paul Grillo ("Plaintiff") filed his

15  Class Action Complaint for Damages ("Complaint") against Defendant Key Energy

16  Services, LLC in the Superior Court of the State of California for the County of

17  Santa Barbara, entitled *Paul Grillo v. Key Energy Services, LLC* and designated

18  Case No. 1438943.  A true and correct copy of Plaintiff's Summons and Complaint

19  is attached as Exhibit A.

20         3.    The Santa Barbara County Superior Court issued a Notice of Case

21  Assignment and Case Management Conference.  A true and correct copy of the

22  Notice is attached as Exhibit B.

23         4.    On January 30, 2014, Defendant filed an Answer to Plaintiff's

24  Complaint.  A true and correct copy of Defendant's Answer is attached as Exhibit

25  C.  The documents attached as Exhibits A through C constitute all the process,

26  pleadings, and orders filed in this action in the Santa Barbara County Superior

27  Court.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2

**NOTICE OF REMOVAL**

1    5.    Plaintiff is citizen of California. (Complaint ("Cmpl.") ¶ 5.)  Defendant

2    Key Energy Service, LLC, is a Texas limited liability company, which has its

3    principal place of business in Houston, Texas.  (Declaration of Dominique Colvard

4    ("Colvard Decl.") ¶¶ 4-8).

5    6.    Plaintiff's Complaint asserted a putative class action in the state of

6    California pursuant to Code of Civil Procedure section 382 and seeks to represent a

7    putative class of employees defined as:  "All employees who were employed by

8    Defendant[] during the Class Period in California as 'non-exempt employees,'" and

9    a sub-class defined as: "All members of the Plaintiff Class whose employment

10   ended during the Class Period." (Cmpl. ¶ 22.)  Plaintiff's Complaint is framed as a

11   putative class action and seeks recovery for purported wage and hour violations

12   under California law.  (See Cmpl. ¶¶ 1-86.)  Therefore, this matter is a class action

13   as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.

14   7.    Plaintiff's Complaint seeks to recover damages, penalties, attorney's

15   fees, and equitable relief for (1) purported violation of California Labor Code

16   Sections 204 and 223 for failure to pay wages at agreed rate, (2) purported violation

17   of California Labor Code Sections 510 and 1198 for failure to pay overtime wages,

18   (3) purported violation of California Labor Code Section 226.7 and 512 for failure

19   to allow and pay for meal and rest periods, (4) purported violation of California

20   Labor Code Section 226 for failure to provide proper wage statements, (5)

21   purported violation of California Labor Code Sections 201 and 203 for failure to

22   pay compensation at the time of termination, (6) purported violation of California

23   Labor Code Section 2802 for failure to reimburse business expenses, and

24   (6) purported violation of California Business and Professions Code Section 17200

25   *et. seq.* for unfair competition/unfair business practices.  (Ex. A, Cmpl.)

26   **II.    THE REMOVAL IS TIMELY**

27   8.    This Notice of Removal is timely filed, pursuant to 28 U.S.C.

28   § 1446(b)(1), because it is filed "within 30 days after the receipt by the defendant,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                                    -2-

NOTICE OF REMOVAL

1    through service or otherwise, of a copy of the initial pleading setting forth the claim

2    for relief upon which such action or proceeding is based . . . ."  Here, Plaintiff

3    personally served Defendant's agent for service of process on January 6, 2014.

4    Thirty days from January 6, 2014 falls on February 5, 2014.

5         9.      No previous Notice of Removal has been filed or made with this Court

6    for the relief sought herein.

7    **III.    THIS COURT HAS DIVERSITY JURISDICTION**

8         10.     Pursuant to 28 U.S.C. § 1441(b), any civil action over which the

9    district courts of the United States have original jurisdiction may be removed from

10   State to Federal court.

11        11.     This Court has original subject matter jurisdiction based on diversity

12   of citizenship under CAFA, because this matter was brought as a class action,

13   diversity of citizenship exists between one or more members of the putative class

14   and one or more defendant, the number of proposed class members is 100 or

15   greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in

16   the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2),

17   1453.  Removal under diversity jurisdiction is therefore proper pursuant to 28

18   U.S.C. §§ 1441, 1446, and 1453.

19        **A.      Diversity of Citizenship Exists Among the Parties**

20        12.     In order to satisfy CAFA's diversity requirement, a party seeking

21   removal need only show that minimal diversity exists, that is, that one putative

22   class member is a citizen of a state different from that of one defendant.  28 U.S.C.

23   § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus.*

24   *& Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-

25   91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

26   original diversity jurisdiction for class actions meeting the minimal diversity

27   requirement set forth in 28 U.S.C. § 1332(d)(2)).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                          -3-

NOTICE OF REMOVAL

1

### 1.   Plaintiff Is a Citizen of California

13.   "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 2000 U.S. App. LEXIS 28085, at * 3 (9th Cir. Nov. 8, 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

14.   Plaintiff's Complaint alleges that he is an individual residing in the State of California, County of Kern.  (Cmpl. ¶ 5).  For diversity purposes, the Plaintiff is therefore a citizen of California.

### 2.   Defendant is not a Citizen of California

15.   For diversity determination purposes, Defendant is diverse from Plaintiff because it is <u>not</u> a citizen of California.

16.   "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  "[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d)(10).

17.   A corporation's "principal place of business" as used in 28 U.S.C. § 1332 is the "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "[I]n practice," the Supreme Court explained, "it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings." *Id.* at 93.  A corporation's principal place of business is often the office which the public considers to be its main place of business. *Id.*  The Supreme Court emphasized in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                              -4-

NOTICE OF REMOVAL

1    *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

2    at 94.

3        18.    A limited liability company is an "unincorporated association" for

4    purposes of CAFA jurisdiction. *Ferrell v. Express Check Advance of SC LLC*, 591

5    F.3d 698, 699-700 (4th Cir. 2010). "[A]n unincorporated association shall be

6    deemed to be a citizen of the State where it has its principal place of business and

7    the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Ferrell*, 591

8    F.3d at 700.

9        19.    Defendant Key Energy Services, LLC is organized and existing under

10   the laws of Texas.  Key Energy Services, LLC 's principal place of business is in

11   the state of Texas.  Key Energy Services, LLC 's headquarters is in the state of

12   Texas and the Texas headquarters serves as the organization's "actual center of

13   direction, control, and coordination."  Key Energy Services, LLC holds its Texas

14   office out to the public as its headquarters, its high level officers are based in Texas

15   and Key Energy Services, LLC conducts the business of managing the organization

16   from Texas.  The majority of Key Energy Services, LLC's corporate level functions

17   are performed in Texas, and the majority of executive and administrative functions,

18   including corporate finance, accounting, human resources, supply chain

19   management, marketing, and legal, are directed from that office.  (Colvard Decl. ¶¶

20   4-8.)  Thus, for diversity purposes, Key Energy Services, LLC is not a citizen of

21   California.

22        **3.    The Citizenship of the "Doe" Defendants Must Be
              Disregarded**

23

24        20.    In addition to Defendant, the Complaint also names as defendants

25   "Does 1 through 100."  (Cmpl. ¶ 9.)  The citizenship of fictitious "Doe" defendants,

26   however, is disregarded for removal purposes.  28 U.S.C. § 1441(a); *e.g.*, *Soliman*

27   *v. Philip Morris, Inc.*, 311 U.S. 966, 971 (9th Cir. 2002).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                          -5-

NOTICE OF REMOVAL

**B.    The Amount in Controversy Exceeds CAFA's Jurisdictional Minimum of $5 Million**

21.    Pursuant to CAFA, the amount in controversy component of diversity jurisdiction is satisfied when the aggregated claims of the individual members in a putative class action exceed the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(6). Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. No. 109-14, at 42 (2005).

22.    The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217-218 (3d Cir. 1999); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 73 (1996).

23.    In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand) *citing Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05. In cases where statutory penalties are sought, "district courts in the Southern District of California and the Central

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2

-6-

NOTICE OF REMOVAL

District of California have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205. A defendant seeking to invoke CAFA jurisdiction can establish the amount in controversy by presenting evidence of the number of putative class members. *Id.* at 1206. The number of putative class claims can then be multiplied by the damages alleged per claim to determine the amount in controversy. *Id.*

24.    Here, while Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class that he purports to represent is entitled to the relief for which he has prayed,[1] it is clear that when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5 million.

### 4.    Information Relevant to Amounts At Issue

25.    In his Complaint, Plaintiff purports to represent "[a]ll employees who were or are employed by Defendant[] during the Class Period in California as 'non-exempt employees,'" and a sub-class of "[a]ll members of the Plaintiff Class whose employment ended during the Class Period." (Cmpl. ¶ 22.) "The Class Period is the period from November 22, 2009, through and including the date judgment is rendered in this matter." (Cmpl. ¶ 23.)

26.    From November 22, 2009 through the present Defendant has employed at least 1,700 non-exempt employees in California. Declaration of Marla Hill ("Hill Decl.") ¶ 4. Between November 22, 2010 and the present the employment of at least 460 putative class members terminated. *Id.* ¶ 5. From

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's reference to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise. In addition, Defendant denies that liability or damages can be established on a class basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                                    -7-

NOTICE OF REMOVAL

November 22, 2009 through the present the putative class members have worked at least a total of 150,000 workweeks in the aggregate. *Id.* ¶ 6. The average hourly wage for the putative class members was at least $16 per hour. Id.

27.     Plaintiff alleges in the Complaint that Defendant "did not provide meal or rest periods in compliance with California law," "did not compensate Plaintiff and members of the Plaintiff Class for meal or rest periods that did not comply with California law," and maintained a "course of conduct requiring Plaintiff and the class members to involuntarily waive their meal or rest periods as a condition of employment." (Cmpl. ¶ 14.)

28.     The Complaint also alleges that Plaintiff and other non-exempt employees "were required to report to work 15 minutes before their scheduled shift to participate in meetings, begin required paperwork and put on required uniform apparel." (Cmpl. ¶ 12.)

29.     Plaintiff further alleges in his Complaint that Plaintiff's claims "are typical of the claims of the members of the proposed class." (Cmpl. ¶ 26.)[2]

### 5.     Plaintiff's Claim for Meal and Rest Period Premiums

30.     In his Third Cause of Action, Plaintiff alleges that "Defendant failed to provide Plaintiff and members of the Plaintiff class with meal and rest breaks . . . and failed to compensate them for said missed breaks." (Cmpl. ¶ 41.) He further claims that "Plaintiff and members of the Plaintiff class are entitled to recover, pursuant to Labor Code § 226.7(b), a penalty equal to one additional hour of pay at the employee's regular rate of compensation for each work day that a meal and/or rest period was not provided." (Cmpl. ¶ 42.)

---

[2] This Notice of Removal discusses the putative class claims that Plaintiff has alleged. Defendant's references to Plaintiff's allegations that his claims are "typical" of those of the putative class members are made solely for the purpose of establishing the amount in controversy. Defendant specifically denies that Plaintiff's claims have merit, that they are common with or typical of claims of other putative class members, that Plaintiff may adequately represent the interests of putative class members and that damages or liability could be determined on a common basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                                    -8-

**NOTICE OF REMOVAL**

31.     If, as Plaintiff contends, putative class members were not provided with meal breaks, they would be entitled to one hour of premium pay for each missed meal period per day at the employee's regular hourly rate. *Murphy v. Kenneth Cole Productions*, 40 Cal. 4th 1094 (2007).  Thus, taking as true Plaintiff's claim that Defendant did not provide meal breaks (as Plaintiff's Third Cause of Action alleges), putative class members would be eligible for one hour of premium pay for each day worked. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 (E.D. Cal. May 1, 2007) (where plaintiff does not allege facts specific to the circumstances of allegedly missed meal and/or rest periods, defendant may use 100% violation rate in calculating the amount in controversy).

32.     Although Defendant would be entitled for purposes of this Petition to estimate that putative class members missed a meal five times per week, even assuming claimed damages of just one missed meal period every two weeks, the Complaint would place at least **$1,200,000** in controversy on this claim [.05 premiums per week* 150,000 work weeks * $16/ hour (meal period premium pursuant to Labor Code § 226.7].  However, Defendant has not included any amounts for claimed meal period premiums in its calculation of the total amount in controversy below.

33.     Similarly, although Defendant would be entitled for purposes of this Petition to estimate that putative class members missed a rest break five times per week, even assuming that the Complaint puts at issue only one rest break premium per employee per two weeks, the additional amount at issue on this claim would be at least **$1,400,000** [one per two weeks* 150,000 work weeks * $16/ hour (rest break premium)].  However, Defendant has not included any amount for claimed rest period premiums in its calculation of the total amount in controversy below.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2

-9-

NOTICE OF REMOVAL

**6.    Plaintiff's Overtime Places at Least $4,500,000 in Controversy**

34.    In his Second Cause of Action, Plaintiff alleges that he was not paid overtime.

35.    Plaintiff alleges in his Complaint that he and other putative class members worked at least 15 minutes of off-the-clock overtime before their scheduled shift each day participating in meetings, handling paperwork and putting on their uniforms. (Cmpl. ¶ 12.)

36.    Assuming, pursuant to the Complaint allegations, that the Complaint puts 15 minutes per day for 5 days a week (1.25 hours) of overtime, off-the-clock work at issue, the amount in controversy on this claim alone is at least **$4,500,000**. [1.25 hours * 150,000 work weeks * $16/ hour (average rate of pay) * 1.5 (overtime rate)].

**7.    Plaintiff's Waiting Time Penalty Claim Places at Least $1,766,400 in Controversy**

37.    In his Fifth Cause of Action, Plaintiff also seeks statutory waiting-time penalties against Defendant for allegedly failing to timely pay wages due following termination, as required by Labor Code Sections 201 through 203.  Plaintiff alleges that Defendant has "failed and refused to pay to Plaintiff and each member of the Terminated Sub-Class all wages due to them upon termination in compliance with the Labor Code including, but not limited to, wages due for all hours worked at the regular and agreed, and/or statutory rate, wages due for all overtime hours worked, and wages due for missed breaks." (Cmpl. ¶ 52.)  Plaintiff further contends that Defendant's "willful failure to pay Plaintiff and members of the Terminated Sub-Class all the wages due to them upon termination is in violation of Labor Code §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due."  (Cmpl. ¶ 53.)

38.    From November 22, 2010, at least 460 non-exempt employees of Defendant in California ceased employment with Defendant.  Hill Decl. ¶ 5.  The

average hourly wage is $16/hour.  Therefore, the amount at issue per employee per day is at least $128 ($16/hour * 8 hours per day).  For purposes of calculating Labor Code Section 203 penalties, the amount at issue for the former employee is at least **$1,766,400** (460 former employees * $128 per day * 30 days of waiting time penalties)

        **8.**     **The Total Amount in Controversy Exceeds $6,266,400**

39.    Based on the conservative calculations contained in this Notice, and not including any amounts for meal and rest period premiums or for requested attorneys' fees, the amount in controversy clearly exceeds $5,000,000:

- Unpaid Wages – at least $4,500,000
- Waiting Time Penalties – at least $1,766,400
- Total – at least $6,266,400

## IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

40.    As set forth above, this Notice of Removal is filed within thirty (30) days after Defendant had notice that the State Court Action was removable.

41.    This action was originally filed in the California Superior Court for the County of Santa Barbara.  Venue is therefore proper in United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441 (a), because this District encompasses the county in which this action has been pending since its inception.

42.    Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

43.    The prerequisites for removal under 28 U.S.C. §§ 1441, 1446, and 1453 have been met.

44.    Defendant has sought no similar relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2

-11-

NOTICE OF REMOVAL

45.     Because this Court has original jurisdiction under the provisions of 28

U.S.C. 1332(d), removal of this action is proper pursuant to 28 U.S.C. §§ 1441,

1446, and 1453.

46.     If any questions arise as to the property of the removal of this action,

then Defendant respectfully requests the opportunity to present a brief and oral

argument in support of its position that this case is removable.

## V.    CONCLUSION

47.     Based on the foregoing, Defendant respectfully requests that this

action be removed from the Superior Court of California in and for the County of

Santa Barbara to the United States District Court for the Central District of

California, and that all further proceedings in this matter take place in the United

States District Court for the Central District of California.


Dated:  February 4, 2014                    MORGAN, LEWIS & BOCKIUS LLP


                                            By
                                               BARBARA J. MILLER
                                               MARIA D. O'LEARY
                                               Attorneys for Defendant
                                               KEY ENERGY SERVICES, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24586147.2                          -12-

NOTICE OF REMOVAL

# EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** KEY ENERGY SERVICES, LLC, and
*(AVISO AL DEMANDADO):* DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** PAUL GRILLO, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of himself and all
others similarly situated

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

NOV 2 2 2013

Darrel E. Parker, Executive Officer
BY
Susan Bonjuan, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda utilizar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SANTA BARBARA COUNTY SUPERIOR COURT<br>1100 Anacapa Street<br>1100 Anacapa Street<br>Santa Barbara, CA 93101 | **CASE NUMBER:**<br>(Número del Caso):<br><br>1438943 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Marcus J. Bradley, Esq. (SBN 174156)  (818) 991-8080 (818) 991-8081
Kiley Lynn Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208, Agoura Hills, CA 91301

**Darrel E. Parker, Executive Officer**

DATE: NOV 2 2 2013                     Clerk, by **SUSAN BONJUAN**, Deputy
(Fecha)                                (Secretario)                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *KEY ENERGY SERVICES, LLC*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☒ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
℠ Plus

Code of Civil Procedure §§ 412.20, 465

1

**MARLIN & SALTZMAN, LLP**
Marcus J. Bradley, Esq. (SBN 174156)

2

Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208

3

Agoura Hills, California 91301
Telephone:    (818) 991-8080

4

Facsimile:    (818) 991-8081
mbradley@marlinsaltzman.com

5

kgrombacher@marlinsaltzman.com

6

**LAW OFFICES OF SANTOS GOMEZ**

7

Santos V. Gomez, Esq. (SBN 172741)
2901 Park Avenue, #B16

8

Soquel, California 95073
Telephone:    (831) 471-8780

9

Facsimile:    (831) 471-8774
santos@lawofficesofsantosgomez.com

10

Attorneys for Plaintiff

11

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

NOV 2 2 2013

Darrel E. Parker, Executive Officer
BY
Susan Benjuan, Deputy Clerk

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

12

**COUNTY OF SANTA BARABARA**

13

14

PAUL GRILLO, on behalf of himself and all
others similarly situated,

15

16

Plaintiff,

17

v.

18

KEY ENERGY SERVICES, LLC, and DOES
1-100, inclusive,

19

20

Defendants.

21

22

23

24

CASE NO.    1438943

**CLASS ACTION COMPLAINT FOR:**

1.  **Failure to Pay Wages at Agreed Rate**
    (*Lab. Code* §§ 204, 223)
2.  **Failure to Pay Overtime Compensation**
    (*Lab. Code* §§510, 1198)
3.  **Failure to Allow and Pay for Meal and
    Rest Periods** (*Lab. Code* §§226.7, 512);
4.  **Failure to Provide Proper Wage
    Statements** (*Lab. Code* §226);
5.  **Failure to Pay Compensation at the
    Time of Termination** (*Lab. Code*
    §§201-203);
6.  **Failure to Reimburse Expenses** (Labor
    Code §§ 2802); and
7.  **Violation of California** *Business and
    Professions Code* §17200

**JURY TRIAL DEMANDED**

25

26

Plaintiff Paul Grillo on behalf of himself and all others similarly situated.   All

27

allegations in this Complaint ("Complaint") are based upon information and belief, except for

28

those allegations which pertain to the Plaintiff named herein and their counsel. Plaintiff's

-1-

**Class Action Complaint**

information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff hereby alleges as follows:

## INTRODUCTION

1.    This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant Key Energy Services, LLC (hereinafter "Key Energy" or "Defendant"). The Class Period is from November 22, 2009, to the date judgment is rendered herein.

2.    Plaintiff seeks relief on behalf of himself, and the members of the Plaintiff Class, as a result of employment policies, practices and procedures, more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the Plaintiff Class all wages due to them. Said employment policies, practices and procedures are generally described as follows:

a.    Defendant required Plaintiff and members of the Plaintiff Class to work "off-the-clock." Plaintiff and members of the Plaintiff Class were not paid any wages for time spent working "off-the-clock," nor was the time spent working "off-the-clock" considered in calculating the amount of overtime wages due to Plaintiff and members of the Plaintiff Class. As a result, Plaintiff and members of the Plaintiff Class were not paid the statutory minimum wage for all hours worked, nor were they paid the wage promised and agreed to by Defendant, nor were they paid overtime wages for all overtime hours worked by them;

b.    Defendant failed to provide Plaintiff and members of the Plaintiff Class with proper meal and rest breaks as required by Labor Code §§226.7 and 512, or to compensate Plaintiff and members of the Plaintiff Class for missed breaks;

c.      Defendant failed to provide Plaintiff and members of the Plaintiff Class accurate wage statements as required by Labor Code §226;

d.      Defendant failed to pay Plaintiff and members of the Terminated Sub-Class all wages due upon termination of their employment, in violation of Labor Code §§201-203;

e.      Defendant failed to pay all vested vacation wages to Plaintiff and the members of the Terminated Sub-Class upon termination; and

f.      Defendant failed to reimburse business expenses (including, but not limited to, expenses incurred to buy and maintained required uniform items).

3.      In addition, Plaintiff and members of the Plaintiff Class seek relief and damages for Defendant's violation, by way of the above-described conduct, of California's unfair competition laws (Business &Professions Code §17200), including the equitable remedies of declaratory relief, disgorgement, accounting, and restitution.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to the provisions of the California Labor Code, as well as Business & Professions Code §17200.  Venue is proper in Santa Barbara County because the acts which give rise to this litigation occurred in this county and Defendant Key Energy does business in Santa Barbara County.

## THE PARTIES

5.      Plaintiff is a resident of residents of Kern County, California.

6.      Plaintiff was employed by Defendant Key Energy as a "Floorhand."  Plaintiff worked at various job sites for Key Energy throughout the Kern and Santa Barbara Counties, as assigned by Key Energy.  Plaintiff's employment with Defendant was terminated in or about September of 2013.

7.      The members of the proposed class are likewise current and former employees of Defendant Key Energy, employed by Defendant within the State of California during the Class Period as non-exempt employees

8.      Defendant Key Energy is an oilfield services company.  The company provides

-3-

Rig-based well-servicing for workover or re-entries on existing wells, such as: new well completions, PNA (Plug and Abandonment), stimulation of existing wells with declining production, and horizontal or directional drilling.

9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100, inclusive, but on information and belief, alleges that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the other Defendants.

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 9.

11.     Plaintiff and the members of the Plaintiff Class were and are classified by Defendant Key Energy as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and members of the Plaintiff Class are entitled to certain benefits, including premium compensation for overtime hours worked, and mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

12.     During the Class Period, Plaintiff and members of the Plaintiff Class were routinely required to work "off-the-clock," in that they were required to perform services to and for the benefit of Defendants without any compensation therefore. Plaintiff and members of the Plaintiff Class were required to report to work fifteen minutes before their scheduled shift to

participate in meetings, begin required paperwork and put on required uniform apparel.   No matter how many hours they worked, Plaintiff and members of the Plaintiff Class were required to sign documents stating that they had worked only eight hours per day when, in fact, they had worked more than eight hours per day, of which Defendants were fully aware.

13.   Defendants failed to pay Plaintiff and members of the Plaintiff Class any wages for time worked "off-the-clock."   Furthermore, Plaintiff and members of the Plaintiff Class were not given credit for the time they spent working "off-the-clock" in the calculation of overtime wages due to them.

14.   During Plaintiff's and members of the Plaintiff Class' employment with Defendants, Defendants did not provide meal or rest periods in compliance with California law, and altered Plaintiff's and members of the Plaintiff Class' timekeeping records such that said records do not accurately reflect the actual amount of time taken for meal and rest periods and the actual time meal and rest breaks were taken.   Further, Defendants did not compensate Plaintiff and members of the Plaintiff Class for meal or rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods).   Plaintiff and the class members they seek to represent did not voluntarily or willfully waive their meal or rest periods.   Defendants maintained and implemented a course of conduct requiring Plaintiff and class members to involuntarily waiver their meal or rest periods as a condition of employment and failed to obtain un-coerced waivers.

15.   Plaintiff and members of the Plaintiff Class were and are routinely provided wage statements that do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including, but not limited to, failing to reflect compensation due for hours worked "off-the-clock," and for all overtime hours worked, and for missed meal and rest breaks.   During the Class Period, Defendants have had a consistent policy of failing to provide Plaintiff and members of the Plaintiff Class true and accurate wage statements upon payment of wages, as required by California Labor Code §226(a).

16.   Plaintiff and the other members of the Terminated Sub-Class, whose employment with Defendant Key Energy was terminated during the Class Period, were

-5-

**Class Action Complaint**

1  routinely not paid, upon termination, all wages due to them, in violation of California Labor

2  Code §§201-203.  Specifically, members of the Terminated Sub-Class were not paid for time

3  spent working "off-the-clock," for all overtime hours worked by them, and for missed meal and

4  rest breaks.  During the Class Period, and continuing to the present, Defendants have had a

5  consistent policy of failing to provide members of the Terminated Sub-Class all wages due to

6  them upon termination.

7      17.    Moreover, Defendants did not compensate Plaintiff and members of the Plaintiff

8  Class at the time of their termination for all their vested but unused vacation time (vacation time

9  as referred to in this complaint includes, but is not limited to, vacation, paid time off, personal

10  days, personal holidays, incidental time off, and/or floating holidays), and still have not paid

11  said compensation.  Further, Plaintiff and members of the Plaintiff Class were not reimbursed

12  for all work-related expenses, including mileage expenses and the costs of company mandated

13  uniforms.

14      18.    The wage and hour violations herein alleged were and are willful and deliberate,

15  and were taken pursuant to, and resulted from Defendants' policies, patterns and practices,

16  which Defendants applied uniformly to Plaintiff and all members of the Plaintiff Class, and

17  which have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and

18  members of the Plaintiff Class.

19      19.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

20  members of the Plaintiff Class have suffered, and continue to suffer, and will in the future

21  continue to suffer, substantial losses related to the use and enjoyment of wages, lost interest on

22  such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform

23  their obligations under state law, all to their respective damage in amounts according to proof at

24  the time of trial.

25      20.    Defendants committed the acts alleged herein knowingly and willfully, with the

26  wrongful and deliberate intent of injuring Plaintiff and members of the Plaintiff Class with

27  improper motives amounting to malice, and in conscious disregard of Plaintiff rights, and the

28  rights of the Plaintiff Class.  Plaintiff and members of the Plaintiff Class are thus entitled to

1   recover nominal, actual, compensatory, and exemplary damages in amounts according to proof

2   at time of trial.

3                              **CLASS ACTION ALLEGATIONS**

4        21.    Plaintiff incorporates herein by reference the allegations set forth above in

5   paragraphs 1 through 20.

6        22.    Plaintiff brings this action on behalf of herself and all others similarly situated as

7   a class action, pursuant to California Code of Civil Procedure §382.   The class which Plaintiff

8   seeks to represent is composed of, and defined as follows:

9        Plaintiff Class:

10       All employees who were or are employed by Defendants during the Class Period

11       in California as "non-exempt employees."  As used in this class definition, the

12       term "non-exempt employee" refers to those who defendant Key Energy  has

13       classified as non-exempt from the overtime wage provisions of the California

14       Labor Code.  Excluded from the class are any employees with managerial or

15       supervisory authorities and/or duties.

16       Terminated Sub-Class:

17       All members of the Plaintiff Class whose employment ended during the Class

18       Period.

19       23.    The Class Period is the period from November 22, 2009, through and including

20   the date judgment is rendered in this matter.

21       24.    The class is so numerous that the individual joinder of all members is

22   impracticable.  While the exact number and identification of class members are unknown to

23   Plaintiff at this time and can only be ascertained through appropriate discovery directed to

24   Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of

25   members.

26       25.    Common questions of law and fact exist as to all members of the class which

27   predominate over any questions affecting only individual members of the class. These common

28   legal and factual questions, which do not vary from class member to class member, and which

                                        -7-
                              Class Action Complaint

may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.      Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

b.      Whether Defendants had a standard policy and practice of requiring class members to perform job duties "off-the-clock";

c.      Whether Defendants had a standard policy and practice of denying Plaintiff and members of the Plaintiff Class proper meal and rest breaks, and whether they were compensated for such missed meal and rest breaks;

d.      Whether Defendants maintained accurate records of the hours worked by employees;

e.      Whether Defendants had a standard policy and practice of failing to provide Plaintiff and members of the Plaintiff Class with true and accurate wage statements upon payment of wages, in violation of Labor Code §226;

f.      Whether Defendants had a standard policy and practice of failing to promptly pay compensation owing to Plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of Labor Code §§201-203;

g.      Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

h.      Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code §17200, et seq.

26.      The claims of the named Plaintiff are typical of the claims of the members of the proposed class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

27.      Plaintiff is an adequate representatives of the proposed class because he is a

-8-

member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the class members will fairly and adequately be protected by Plaintiff and their attorneys.

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

29. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure section 382 because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES AT THE AGREED RATE

### (By Plaintiff Against All Defendants)

30. Plaintiff incorporates herein by reference the allegations set forth above in

-9-

Class Action Complaint

paragraphs 1 through 29.

31.   Labor Code §204 provides that all wages earned by an employee are due and payable twice during each calendar month.  Labor Code §223 prohibits an employer from secretly paying a lower wage while purporting to pay the wage designated by statute or contract.

32.   Defendants promised to pay Plaintiff and members of the Plaintiff Class a certain amount in wages for hours worked.  Furthermore, Defendants were statutorily required to at least pay minimum wages for all hours worked.

33.   By suffering Plaintiff and members of the Plaintiff Class to work "off-the-clock," and by failing to pay Plaintiff and members of the Plaintiff Class any wages for time spent working "off-the-clock," Defendants have failed and refused to pay Plaintiff and members of the Plaintiff Class all wages payable when due, in violation of Labor Code §204, and, in effect, have paid Plaintiff and members of the Plaintiff Class an hourly wage less than due and owing by contract and by statute, in violation of Labor Code §223.

34.   Defendants' conduct described herein violates the Labor Code §§204 and 223, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  Plaintiff and members of the Plaintiff Class are thus entitled to recover, and hereby claim, in addition to the unpaid balance of wages owed to them, all interest, penalties, attorneys' fees, expenses and costs of suit as permitted by the California Labor Code, specifically including but not limited to, Labor Code §§210 and 225.5.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

#### (By Plaintiff Against All Defendants)

35.   Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 34.

36.   Plaintiff and each member of the Plaintiff Class are entitled to overtime compensation for all hours worked in excess of the hours and time specified in the applicable wage orders, statutes and regulations.  As alleged herein, Defendants failed to compensate

-10-

Class Action Complaint

1   Plaintiff and members of the Plaintiff Class for overtime hours worked during the Class Period.

2   37.   In addition, Defendants failed to credit Plaintiff and members of the Plaintiff
3   Class with hours worked "off-the-clock" in calculating the hours worked overtime, and the
4   amount of overtime compensation due therefore.

5   38.   Defendants' conduct described herein violates the California Labor Code,
6   specifically including Labor Code §§ 510, 1194, 1198, and the applicable regulations, standards
7   and wage orders promulgated thereunder.  Plaintiff and members of the Plaintiff Class are thus
8   entitled to recover, and hereby claim, in addition to the unpaid balance of wages owed to them,
9   all interest, penalties, attorneys' fees, expenses and costs of suit  permitted and provided by the
10  Labor Code, specifically including, but not limited to Labor Code §1194.

11  ### THIRD CAUSE OF ACTION

12  ### FAILURE TO ALLOW AND PAY FOR MEAL AND REST BREAKS

13  **(By Plaintiff Against All Defendants)**

14  39.   Plaintiff incorporate herein by reference the allegations set forth above in
15  paragraphs 1 through 38.

16  40.   Labor Code § 226.7(a) provides "[n]o employer shall require any employee to
17  work during any meal or rest period mandated by an applicable order of the Industrial Welfare
18  Commission."

19  41.   As alleged herein, Defendants failed to provide Plaintiff and members of the
20  Plaintiff Class with meal and rest breaks mandated by the Labor Code, and the standards,
21  regulations and wage orders promulgated thereunder, and failed to compensate them for said
22  missed breaks.  By these actions, Defendants are in violation of Labor Code §§226.7(a) and
23  512.

24  42.   As a result of said violations of the Labor Code, Plaintiff and members of the
25  Plaintiff Class are entitled to recover, pursuant to Labor Code §226.7(b), a penalty equal to one
26  additional hour of pay at the employee's regular rate of compensation for each work day that a
27  meal and/or rest period was not provided.

28  43.   Defendants' conduct described herein is in violation of California  Labor Code

-11-

§§226.7 and 512, and the regulations, standards and wage orders promulgated thereunder. Plaintiff and members of the Plaintiff Class are thus entitled to recover, and hereby claim, in addition to the unpaid balance of wages Defendants owe them, all interest, penalties, attorneys' fees, expenses and costs of suit as permitted by statute, including Labor Code §226.7(b).

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (By Plaintiff Against All Defendants)

44.    Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 43.

45.    Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . ."  Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

46.    Furthermore, Labor Code §1174 requires that the employer maintain accurate records showing the hours worked, and wages due to his or her employees.

47.    Defendants failed to accurately record the wages due to Plaintiff and members of the Plaintiff Class, specifically including, but not limited to, by failing to record all hours worked, failing to record wages due for time worked "off-the-clock," failing to record all overtime hours worked, failing to record wages due for all overtime hours worked, and failing to record wages due for missed breaks.

48.    Plaintiff and members of the Plaintiff Class were damaged by this failure to

-12-

Class Action Complaint

1   provide accurate wage statements because, among other things, they were and are unable to

2   determine the proper amount of wages actually owed to them, and whether they have received

3   full compensation therefore.

4        49.    Plaintiff and members of the Plaintiff Class are entitled to, and hereby claim,

5   penalties as provided by Labor Code §226(e), as well as interest, attorneys' fees and costs

6   pursuant to Labor Code §226(e), and all other damages, attorneys' fees, costs, expenses and

7   interest permitted by statute.

8                              **FIFTH CAUSE OF ACTION**

9        **FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION**

10      **(By Plaintiff and Members of the Terminated Sub-Class Against All Defendants)**

11       50.    Plaintiff incorporate herein by reference the allegations set forth above in

12   paragraphs 1 through 49.

13       51.    California Labor Code §201 requires an employer who discharges an employee

14   to pay compensation due and owing to said employee immediately upon discharge. California

15   Labor Code §202 requires an employer to promptly pay compensation due and owing to an

16   employee within no more than 72 hours of that employee's termination of employment by

17   resignation, and at the time of termination if an employee is involuntarily terminated.

18   California Labor Code §203 provides that if an employer willfully fails to pay compensation

19   promptly and timely upon discharge or resignation as required by Labor Code §§201 and 202,

20   respectively, said employer is liable to said employee for a waiting time wage continuation as

21   described therein.

22       52.    Defendants have failed and refused to pay to Plaintiff and each member of the

23   Terminated Sub-Class all wages due to them upon termination in compliance with the Labor

24   Code including, but not limited to, wages due for all hours worked at the regular and agreed,

25   and/or statutory rate, wages due for all overtime hours worked, and wages due for missed

26   breaks.

27       53.    Defendants' willful failure to pay Plaintiff and members of the Terminated Sub-

28   Class all the wages due to them upon termination is in violation of Labor Code §§201 and 203,

-13-

**Class Action Complaint**

1  which provide that an employee's wages continue accruing up to thirty days from the time said

2  wages became due.  Therefore, Plaintiff and members of the Terminated Sub-Class are entitled

3  to a waiting time wage continuation penalties pursuant to Labor Code §203.   Additionally,

4  Plaintiff seeks costs, interest, disbursements, and attorneys' fees, as provided by statute.

5                              SIXTH CAUSE OF ACTION

6            FAILURE TO REIMBURSE EXPENSES (LABOR CODE § 2802)

7               (By Plaintiff and Members of the Class Against All Defendants)

8        54.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as

9  though fully set for herein.

10       55.    During the time period from November 22, 2009, to and including the present,

11  pursuant to Defendants' corporate policy, practice, and procedure, Plaintiff and Class Members

12  were required to incur expenses in direct consequence of the discharge of their duties, or as a

13  consequence of obeying the directions of Defendants.  This specifically includes, but is not

14  limited to, buying specialized boots and maintaining their uniforms.

15       56.    Defendants failed and refused, pursuant to corporate policy, practice and

16  procedure, to reimburse Plaintiff and Class Members for such expenditures, as required by the

17  applicable IWC wage orders or Labor Code §2802.

18       57.    Said conduct on the part of Defendants was willful, intentional, and/or taken in

19  conscious disregard of the rights of Plaintiff and Class Members, and Plaintiff seeks

20  compensatory damages, as well as interest, costs, attorneys' fees, and penalties as permitted by

21  the Labor Code.

22                            SEVENTH CAUSE OF ACTION

23            UNFAIR COMPETITION: CALIFORNIA BUSINESS AND

24                   PROFESSIONS CODE §17200 ETC.

25                      (By Plaintiff, the Plaintiff Class, and

26               the General Public, Against All Defendants)

27       58.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as

28  though fully set for herein.

<div align="center">-14-</div>

59.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

60.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the proposed Class have suffered, and continue to suffer, injury in fact and monetary damages as a result of Defendants' actions.

61.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of Business and Professions Code §17200, *et seq.*

62.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, and by failing to provide proper wage statements.  Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

63.    As a result of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

64.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants.  The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The members of the proposed class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

65.    During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by §17200, *et seq.*, of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

66.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of §17200 etc. of the Business and Professions Code.

67. ·   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies

1   and practices and, therefore, Defendants' actions described herein constitute an unfair business

2   practice or act within the meaning of Business and Professions Code §17200.

3       68.    Defendants' conduct described herein threatens an incipient violation of

4   California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

5   significantly threatens or harms competition.

6       69.    Defendants' course of conduct described herein further violates Business and

7   Professions Code §17200 in that it is fraudulent, improper, and unfair.

8       70.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as

9   described herein-above have injured Plaintiff and members of the Plaintiff Class in that they

10  were wrongfully denied the timely and full payment of wages due to them.

11                           **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff, on behalf of himself, and on behalf of  the members of the

13  Plaintiff Class, prays for judgment against Defendants as follows:

14      1.    For an order certifying the proposed class;

15      2.    For nominal damages;

16      3.    For equitable relief in the nature of declaratory relief, restitution of all monies

17  due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the

18  unlawful business practices of Defendants, and accounting;

19      4.    For penalties as permitted by the California Labor Code, and the regulations,

20  standards and applicable wage orders promulgated thereunder, specifically including, but not

21  limited to Labor Code §§203, 210, 218.6, 225.5, 223, 226, 226.3, 226.7, 1194, 1194.2, and

22  1197.1;

23      5.    For interest as permitted by statute, including Labor Code §218.6;

24      6.    For costs of suit and expenses incurred herein as permitted by statute, including

25  Labor Code §§226 and 1194;

26      7.    For attorneys' fees as permitted by statute, including Labor Code §§226 and

27  1194; and

28  ///

**Class Action Complaint**

8.   For all such other and further relief that the Court may deem just and proper.

DATED:  November  21, 2013

MARLIN & SALTZMAN, LLP
LAW OFFICES OF SANTOS GOMEZ

By: _____
Marcus J. Bradley, Esq.
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  November  21, 2013

MARLIN & SALTZMAN, LLP
LAW OFFICES OF SANTOS GOMEZ

By: _____
Marcus J. Bradley, Esq.
Attorneys for Plaintiff

-17-
Class Action Complaint

```
          SUPERIOR COURT OF CALIFORNIA
            COUNTY OF SANTA BARBARA
      Darrel E. Parker, Executive Officer


Number: 511997      11-25-13        8:53 am
Marlin & Saltzman LLP
Anacapa Check                    435.00
Anacapa Check                   1000.00
11887/11888

G  1438943
Paul Grillo
     VS.
Key Energy Services LLC

CV-Complaint 25K+                435.00
CV-Plt Complex Case Fee        1000.00
                          -------------
              File Total:     1435.00

                          =============
              Total Due:      1435.00
             Amount Paid:     1435.00
SDONJUAN         Change:          0.00

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Marcus J. Bradley, Esq. (SBN 174156)
Kiley Lynn Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN, LLP
29229 Canwood Street, Suite 208
Agoura Hills, CA  91301
 TELEPHONE NO.: (818) 991-8080   FAX NO.: (818) 991-8081
ATTORNEY FOR *(Name):*  Plaintiff
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
 STREET ADDRESS: 1100 Anacapa Street
 MAILING ADDRESS: 1100 Anacapa Street
 CITY AND ZIP CODE: Santa Barbara, CA  93101
 BRANCH NAME: South County/Anacapa Building

CASE NAME:  GRILLO v. KEY ENERGY SERVICES

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

NOV 2 2 2013

Darrel E. Parker, Executive Officer
BY _____
Susan Bonjuan, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 1438943 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify):* eight (8)

5. This case [X] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2013

Marcus J. Bradley, Esq.
*(TYPE OR PRINT NAME)*                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

<div align="right">CM-010</div>

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<div align="center">CASE TYPES AND EXAMPLES</div>

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court Case Matter
    Writ—Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

# EXHIBIT B

| | FOR COURT USE ONLY | F ___ |
|---|---|---|
| | | DE ___ |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA** | | CA ___ |
| STREET ADDRESS:   1100 Anacapa Street MAILING ADDRESS: CITY AND ZIP CODE:   Santa Barbara, California 93101 BRANCH NAME:   Santa Barbara-Anacapa Division | **FILED** SUPERIOR COURT of CALIFORNI. COUNTY OF SANTA BARBARA DEC 0 6 2013 Darrel E. Parker, Executive Officer By _____ Deputy Clerk | |
| Caption: **Paul Grillo vs Key Energy Services LLC** | | |
| ORDER & NOTICE OF CASE ASSIGNMENT NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: **1438943** | |

The above case is hereby assigned to Judge James .E Herman   for ALL purposes, including trial. All future matters, including ex-parte matters, are to be scheduled with the assigned judge. Counsel shall include the name of the assigned judge in the caption of every document filed with the court. The above-entitled case is hereby ordered set for:

CASE MANAGEMENT CONFERENCE on 3/26/14
at  8:30 am in Dept. SB8   at the court address above,

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors. A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service. Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions. Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110). In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:   12-06-13

_signature_

JUDGE OF THE SUPERIOR COURT

**JAMES E. HERMAN**

---

CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party of this action and that a true copy of the foregoing was mailed first class, postage prepaid in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at Santa Barbara, California, on  12-06-13

Marcus J Bradley
Marlin & Satzman LLP
29229 Canwood St Ste 208
Agoura Hills, CA 91301

Darrel E. Parker, Executive Officer                By _signature_                , Deputy

---

# EXHIBIT C

1    MORGAN, LEWIS & BOCKIUS LLP
     BARBARA J. MILLER, State Bar No. 167223
2    MARIA D. O'LEARY, State Bar No. 209995
     5 Park Plaza, Suite 1750
3    Irvine, CA 92614
     Tel:   949.399.7000
4    Fax:   949.399.7001
     barbara.miller@morganlewis.com
5    moleary@morganlewis.com

6    MORGAN, LEWIS & BOCKIUS LLP
     JASON S. MILLS, State Bar No. 225126
7    300 S. Grand Avenue, Suite 2200
     Los Angeles, CA 90071
8    Tel:   213.612.2500
     Fax:   213.612.2501
9    jmills@morganlewis.com

10   Attorneys for Defendant
     KEY ENERGY SERVICES, LLC

11

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**JAN 3 0 2014**

Darrel E. Parker, Executive Officer
BY _____ Jessica Vega
Jessica Vega, Deputy Clerk

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            FOR THE COUNTY OF SANTA BARBARA

14

| | |
|---|---|
| 15   PAUL GRILLO, on behalf of himself and all others similarly situated, | **CASE NO. 1438943** |
| 16 | **ANSWER OF DEFENDANT KEY** |
| 17           Plaintiff, | **ENERGY SERVICES, LLC'S TO PLAINTIFF'S CLASS ACTION** |
| 17       vs. | **COMPLAINT FOR DAMAGES** |
| 18 | |
| 19   KEY ENERGY SERVICES, LLC, and DOES 1 through 100, inclusive, | Complaint Filed:    November 22, 2013 |
| 20          Defendants. | |

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

**ANSWER TO COMPLAINT**

DB2/ 24689644.1

1    Defendant Key Energy Services, LLC ("Defendant"), by and through its undersigned

2    counsel, hereby answers the allegations contained in the unverified Class Action Complaint

3    ("Complaint") brought by Plaintiff Paul Grillo ("Plaintiff"), on behalf of himself and others

4    similarly situated, as follows:

5                                    **GENERAL DENIAL**

6    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

7    denies each and every material allegation set forth in the Complaint.  Defendant specifically

8    denies that it is in any way liable to Plaintiff, or any putative member of the putative class, or that

9    Plaintiff, or any member of the putative class, has been damaged in any sum or sums.

10                                   **DEFENSES**

11   Defendant also asserts the following defenses, without admitting any obligations

12   regarding who bears the burden of proof or persuasion as to any one of them:

13                                 **FIRST DEFENSE**

14                        **(Failure to State a Cause of Action)**

15   1.    The Complaint, and each alleged cause of action alleged therein, fails to state facts

16   sufficient to state a claim upon which relief can be granted against Defendant.

17                                **SECOND DEFENSE**

18                           **(Statutes of Limitations)**

19   2.    The alleged claims are barred, in whole or in part, by the applicable statute(s) of

20   limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338,

21   339, 340, and 343, California Labor Code Section 203, and California Business and Professions

22   Code Section 17208.

23                                 **THIRD DEFENSE**

24                              **(Uncertainty)**

25   3.    The claims of Plaintiff and the putative members of the purported class are barred

26   in whole or in part, because the Complaint is uncertain in that the purported class definition is

27   ambiguous and conclusory.

28

**FOURTH DEFENSE**

**(Avoidable Consequences)**

4.      The claims of Plaintiff and the putative members of the purported class are barred, or recovery reduced, because Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; Plaintiff and putative members of the purported class unreasonably failed to use the preventative and corrective measures that Defendant provided; and reasonable use of Defendant's procedures would have prevented some or all of the harm that Plaintiff and the putative members of the purported class allegedly suffered.

**FIFTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

5.      Plaintiff's claims and those of each putative class member he purports to represent are barred to the extent that they failed to exhaust their administrative remedies.

**SIXTH DEFENSE**

**(Action Unconstitutional)**

6.      Prosecution of a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200, based upon the Complaint and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**SEVENTH DEFENSE**

**(Adequate Remedy at Law)**

7.      The relief requested by Plaintiff and the putative members of the purported class pursuant to California Business and Professions Code Section 17200 should be denied because Plaintiff and the putative class members have an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24689644.1

-3-

ANSWER TO COMPLAINT

| | |
|---|---|
| 1 | <center>**EIGHTH DEFENSE**</center> |
| 2 | <center>**(No Ascertainable Class)**</center> |
| 3 | 8.    The putative class that Plaintiff purports to represent, the existence of which is |
| 4 | expressly denied, is not ascertainable and, thus, no well-defined community of interest exists |
| 5 | among the putative class members. |
| 6 | <center>**NINTH DEFENSE**</center> |
| 7 | <center>**(Individual Questions Predominate)**</center> |
| 8 | 9.    The types of claims alleged by the named Plaintiff on behalf of himself and the |
| 9 | putative class, the existence of which is expressly denied, are matters in which individual |
| 10 | questions predominate and, accordingly, are not appropriate for class treatment. |
| 11 | <center>**TENTH DEFENSE**</center> |
| 12 | <center>**(Claims Not Common or Typical)**</center> |
| 13 | 10.    The claims alleged by the named Plaintiff are neither common to nor typical of |
| 14 | those, if any, of the alleged class Plaintiff purports to represent, the existence of which is |
| 15 | expressly denied. |
| 16 | <center>**ELEVENTH DEFENSE**</center> |
| 17 | <center>**(Inadequate Class Representative)**</center> |
| 18 | 11.    The alleged claims are barred, in whole or in part, as a class action because |
| 19 | Plaintiff does not meet the requirements for a class representative and is not an adequate |
| 20 | representative of the putative class. |
| 21 | <center>**TWELFTH DEFENSE**</center> |
| 22 | <center>**(Class Action Not Superior Method of Adjudication)**</center> |
| 23 | 12.    The alleged claims are barred, in whole or in part, as a class action because a class |
| 24 | action is not the superior method for adjudicating this dispute. |
| 25 | <center>**THIRTEENTH DEFENSE**</center> |
| 26 | <center>**(Conduct Reasonable and In Good Faith/Not Willful)**</center> |
| 27 | 13.    If Defendant is found to have failed to pay Plaintiff or any putative class member |
| 28 | any amount due, which allegations Defendant denies, then Defendant acted, at all relevant times, |

<center>-4-</center>

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24689644.1                                    **ANSWER TO COMPLAINT**

1   on the basis of a good faith and reasonable belief that it had complied fully with California wage

2   and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of the

3   California Labor Code.

### FOURTEENTH DEFENSE

#### (Waiting Time Penalties)

6   14.   The Complaint fails to state a claim for waiting time penalties under California

7   Labor Code Section 203 in that some members of the putative class did not resign or were not

8   discharged prior to the filing of this action and/or to the extent that no such penalties can continue

9   after the commencement of an action for the penalties.

### FIFTEENTH DEFENSE

#### (Good Faith Dispute about Wages Owed)

12   15.   Plaintiff's claims, and the claims of each putative class member, are barred to the

13   extent that Defendant had a good faith and reasonable belief that Plaintiff and/or the putative class

14   members were not owed any additional wages and/or compensation.  Defendant, therefore, did

15   not engage in the requisite willful or intentional conduct for "waiting time" penalties required

16   pursuant to California Labor Code Sections 203 and/or 1174.5.

### SIXTEENTH DEFENSE

#### (De Minimis)

19   16.   The Complaint, and each purported cause of action contained therein, is barred in

20   whole or in part by the de minimis doctrine.

### SEVENTEENTH DEFENSE

#### (Due Process/Excessive Fine)

23   17.   An award of penalties against Defendant would be an unconstitutional denial of

24   Defendant's right to due process and/or equal protection under the Fifth and Fourteenth

25   Amendments of the United States Constitution, the Excessive Fines Clause under the Eighth

26   Amendment of the United States Constitution, Articles I and IV of the California Constitution,

27   and other provisions of the United States and California Constitutions.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-5-

DB2/ 24689644.1                                   ANSWER TO COMPLAINT

## EIGHTEENTH DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory, Penalties)

18.     Neither Plaintiff nor any putative member of the purported class is entitled to recover any waiting time penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## NINETEENTH DEFENSE

### (Lack of Standing)

19.     The claims of Plaintiff and the putative class he purports to represent are barred, in whole or in part, because Plaintiff lacks standing under California Business and Professions Code Section 17204 and the California Labor Code to bring these claims, and, therefore, cannot represent the interests of others as to each of the putative causes of action.

## TWENTIETH DEFENSE

### (Setoff and Recoupment)

20.     If any damages have been sustained by Plaintiff and/or any member of the putative class he purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations of Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-FIRST DEFENSE

### (Unclean Hands)

21.     The claims of Plaintiff and some or all of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SECOND DEFENSE

### (Estoppel)

22.     The claims of Plaintiff and some or all of the putative class members are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 24689644.1                         ANSWER TO COMPLAINT

### TWENTY-THIRD DEFENSE

### (Waiver)

23.     Plaintiff and the putative class members have waived, discharged, and/or abandoned the right by reason of their conduct and actions to assert the claims alleged in the Complaint.

### TWENTY-FOURTH DEFENSE

### (Release Through Prior Settlement and/or Severance Agreement)

24.     To the extent that Plaintiff or any putative class member entered into any individual settlement and/or severance agreement, or were covered by and did not opt out of the terms of any prior class action settlement involving Defendant, their claims are barred by that release.

### RESERVATION OF RIGHTS

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses.  Defendant therefore reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court deny Plaintiff's request to certify this action as a class action;

2.     That Plaintiff takes nothing by reason of the Complaint on file herein and that the Complaint be dismissed with prejudice;

3.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

4.     That Defendant be awarded its costs of suit incurred herein;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24689644.1

**ANSWER TO COMPLAINT**

1         5.       That Defendant be awarded its attorneys' fees incurred by this action; including

2    under, but not limited to, Section 218.5 of the Labor Code; and

3         6.       That the Court award Defendant such other and further relief as it deems just and

4    proper.

5

6

7    Dated:  January 30, 2014                   MORGAN, LEWIS & BOCKIUS LLP

8

9                                              By
                                                BARBARA J. MILLER

10                                                   MARIA D. O'LEARY
                                                Attorneys for Defendant

11                                                   KEY ENERGY SERVICES, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24689644.1

-8-

ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2

*Paul Grillo v. Key Energy Services, LLC*
Santa Barbara Superior Court Case No. 1438943

3

4        I am a resident of the State of California, County of Orange; I am over the age of eighteen
years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine,
5   California 92614.

6        On January 30, 2014, I served on the interested parties in this action the within
document(s) entitled:

7

### ANSWER OF DEFENDANT KEY ENERGY SERVICES, LLC'S TO
### PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

8

9    [  ]    **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to
the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the
10           fax machine to print such record(s) of the transmission.

11

12   [  ]    **BY MAIL:** by placing the document(s) listed above in a sealed envelope with
postage thereon fully prepaid, in the United States mail at Irvine, California
13           addressed as set forth below. I am readily familiar with the firm's practice of
collection and processing correspondence for mailing. Under that practice it would
14           be deposited with the U.S. Postal Service on that same day with postage thereon
fully prepaid in the ordinary course of business. I am aware that on motion of the
15           party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.

16   [ X ]   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary
business practices for collection and processing of correspondence with said
17           overnight mail service, and said envelope(s) will be deposited with said overnight
mail service on said date in the ordinary course of business.

18

19   [  ]    **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver
authorized by Legal Solution Attorney Services, LLC to receive documents to be
20           delivered on the same date. A proof of service signed by the authorized courier
will be filed with the court upon request.

21

22   [  ]    **BY ELECTRONIC SERVICE:** the parties listed below were served
electronically with the document(s) listed above by e-mailed PDF files on January
23           30, 2014. The transmission was reported as complete and without error. My
electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California
24           92614.

25   [  ]    **BY E-FILE:** I electronically transmitted the document(s) listed above to the
Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
26           Electronic Filing to the following CM/ECF registrants:

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 24689644.1

**ANSWER TO COMPLAINT**

| | *Attorneys for Plaintiff* |
|---|---|
| Marcus J. Bradley, Esq.<br>Kiley L. Grombacher, Esq.<br>MARLIN & SALTZMAN, LLP<br>29229 Canwood Street, Suite 208<br>Agoura Hills, CA  91301 | Telephone:    818.991.8080<br>Facsimile:     818.991.8081<br><br>mbradley@marlinsaltzman.com<br>kgrombacher@marlinsaltzman.com |
| Santos V. Gomez, Esq.<br>LAW OFFICES OF SANTOS GOMEZ<br>2901 Park Avenue, #B16<br>Soquel, CA  95073 | Telephone:    831.471.8780<br>Facsimile:     831.471.8774<br><br>santos@lawofficesofsantosgomez.com |

[ X ]  **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[  ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on January 30, 2014, at Irvine, California.

*Kelly Raleigh*
Kelly Raleigh

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Audrey B. Collins _____ and the assigned Magistrate Judge is _____ Alicia G. Rosenberg _____ .

The case number on all documents filed with the Court should read as follows:

### SACV 14-00881 ABC (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

| | |
|---|---|
| February 5, 2014 | By  D. Vo |
| Date | Deputy Clerk |

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Paul Grillo

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Key Energy Services, LLC

**(b) County of Residence of First Listed Plaintiff**  Santa Barbara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Marlin & Saltzman, LLP
Marcus J. Bradley / Kiley L. Grombacher
29229 Canwood Street, Ste. 208, Agoura Hills, CA 91301
818-991-8080

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
Morgan, Lewis & Bockius LLP
Barbara J. Miller / Maria D. O'Leary / Sarah N. Drechsler
5 Park Plaza, Suite 1750, Irvine, CA 92614
949-399-7000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

California Wage and Hour Claims

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: **CV 14 – 00881 ABC (AGRx)**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? [X] Yes [ ] No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | Western |
| | [X] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? [ ] Yes [X] No | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____  DATE: February 4, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |